Mark G. Tratos (Nevada Bar No. 1086)
F. Christopher Austin (Nevada Bar No. 6559)
Peter H. Ajemian (Nevada Bar No. 9491)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SANDY HACKETT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD FEENEY, an individual; ARTHUR PETRIE, an individual; TRP ENTERTAINMENT, LLC, a Nevada limited liability company, PLAYLV GAMING OPERATION, LLC d/b/a PLAZA HOTEL AND CASINO, a Nevada limited liability corporation; BROADWAY BOOKING OFFICE NYC, LTD, a New York corporation,<br><br>Defendants.<br><br>RICHARD FEENEY, an individual; ARTHUR PETRIE, an individual; TRP ENTERTAINMENT, LLC, a Nevada limited liability company, PLAYLV GAMING OPERATION, LLC d/b/a PLAZA HOTEL AND CASINO, a Nevada limited liability corporation; BROADWAY BOOKING OFFICE NYC, LTD, a New York corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>SANDY HACKETT, an individual<br><br>Counter-Defendant. | Case No. 2:09-cv-02075-RLH-LRL<br><br>**DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR PROTECTIVE ORDER** |

.

Defendants/Counterclaimants Richard Feeney, Arthur Petrie, TRP Entertainment, LLP ("TRP"), PlayLV Gaming Operation, LLC d/b/a Plaza Hotel and Casino ("PlayLV"), and Broadway Booking Office NYC, Ltd. ("Broadway") (hereinafter collectively, "Defendants"), by and through counsel, GREENBERG TRAURIG LLP, hereby move for a protective order against Plaintiff Sandy Hackett's ("Hackett" or "Plaintiff") intention to take the deposition of Defendants' counsel Mark G. Tratos ("Tratos") on May 26 or 27, 2010, (or thereafter) as set forth in Plaintiff's letter and email correspondences to Defendants' counsel, dated May 10, 2010 and May 11, 2010, respectively, both attached hereto as **Exhibit 1**.

This Motion is made in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 26-7, and is supported by the following Memorandum of Points and Authorities together with the exhibits thereto, the Declaration of F. Christopher Austin (the "Austin Decl."), the papers and pleadings on file in this action, and any oral argument that this Court may allow.

DATED this 24th day of May, 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP


By: /s/ F. Christopher Austin

MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
PETER H. AJEMIAN, ESQ.
Nevada Bar No. 9491
GREENBERG TRAURIG, LLP
3773 Howard Hughes Pkwy., Ste 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendant*

## LOCAL RULE 26-7 CERTIFICATION

Counsel for Defendant has conferred with counsel for Plaintiff in good faith in an attempt to resolve the discovery disputes raised in this Motion without the need for Court intervention and, after letter and email correspondence, and a sincere effort to do so, counsel have been unable to resolve the matter without court action. (<u>See</u> Austin Decl. attached hereto as **Exhibit 2**).

DATED this 24th day of May, 2010.

        Respectfully submitted,

        GREENBERG TRAURIG, LLP

        By: */s/ F. Christopher Austin*

        MARK G. TRATOS, ESQ.
        Nevada Bar No. 1086
        F. CHRISTOPHER AUSTIN, ESQ.
        Nevada Bar No. 6559
        PETER H. AJEMIAN, ESQ.
        Nevada Bar No. 9491
        GREENBERG TRAURIG, LLP
        3773 Howard Hughes Pkwy., Ste 400 North
        Las Vegas, Nevada 89169
        Telephone: (702) 792-3773
        Facsimile: (702) 792-9002
        *Counsel for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Immediately after filing a Motion to Compel the deposition of Plaintiff Sandy,[1] Plaintiff demanded that Mr. Tratos be deposed on the confidential and privileged communications he had with Defendant TRP. (<u>See</u> Exhibit 1, King Ltr. dated May 10, 2010.) This demand is improper, abusive and unwarranted.

---

[1] Mr. Hackett refused to sit for his deposition over six months after the commencement of this matter and after Defense counsel had engaged in significant discovery, including the production of approximately 40,000 documents and the defense of three depositions, on the allegation that Mr. Tratos and others of the firm of Greenberg Traurig represented Hackett personally on two prior matters unrelated factually or legally to the claims of the present matter. (<u>See</u> Mot. Compel, attached hereto as **Exhibit 3**.) The Motion to Compel, therefore, is functionally a motion for a declaration that Defense counsel is not disqualified from representation of Defendants in this matter.

Plaintiff claims this deposition is necessary to see whether Mr. Tratos or his firm actually represented Plaintiff and should be disqualified from representing Defendants in the instant matter. (See id.) It is not. Mr. Tratos, under penalty of perjury provided a declaration in support of that Motion to Compel clearly stating that (i) neither he nor the firm ever represented Hackett, (ii) that the general subject of the consultation and legal services provided to TRP were unrelated to the matters at issue in the present case, and (iii) that neither he nor the firm ever received any confidential communications from Hackett that could be used to harm Hackett in the present matter. Then for good measure, Mr. Tratos offered to produce the entire file in camera for the Court's review to prove his statements were true.

Now, Plaintiff incredulously claims that the very declaration provided by Mr. Tratos in an effort to preserve the attorney-client privilege between the firm and TRP constitutes a waiver of that privilege. (See Exhibit 1.) It does not. The Motion to Compel Hackett's deposition and declaration of the absence of any disqualifying conflict of interests does not put unrelated, prior privileged communications between TRP and its counsel at issue in this case, nor does it harm Hackett in this case. Hackett cannot claim that preventing him from accessing such unrelated, prior privileged communications would deny him of anything vital to him in this case.[2] Not only does he have a privilege log proving the truth of Mr. Tratos' declaration (See Defendants' Privilege Log, attached as **Exhibit 4**), he was there. He knows he never engaged Mr. Tratos or the firm; he knows he never paid any legal bills. He knows he never sought nor received any legal counsel, nor disclosed any confidential information. He knows Mr. Tratos' declaration is truthful. He knows the subject matter of those earlier cases is not related to the present matter and that he has not been prejudiced in the instant case by any information he provided in those earlier matters.

---

[2] The Ninth Circuit Court has adopted a three-prong test for waiver, stating that "an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

His demand to depose TRP's counsel is without merit and should be rejected. For these reasons, Defendants respectfully request that this Court enjoin Plaintiff from taking the deposition of Defendants' counsel.

## II.  DISCUSSION

Under FED. R. CIV. P. 26(c), a court may grant a protective order "for good cause…to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding disclosure or discovery;…(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Here, Plaintiff is not entitled to take the deposition of Defendants' counsel, Mark Tratos, because the information sought through the deposition is privileged, and neither Defendants nor their counsel have waived any privilege.

### A.  Defendants' Counsel Should Not be Deposed Because the Information Sought is Protected by the Attorney-Client Privilege.

This Court should not allow Plaintiff to take the Deposition of Defendants' counsel because the purpose of the deposition is to require Mr. Tratos to disclose prior confidential client communications. (See Exhibit 1). The communication between an attorney and client has long been recognized as confidential, and the attorney-client privilege is one of the oldest of the privileges for confidential communications under the common law. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). Nevada has codified the attorney-client privilege in NRS 49.095, which states that a client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications between the client and the client's lawyer. NRS 49.105 states that the client holds the privilege, and where a company is the client, the privilege may be claimed by the "successor, trustee or similar representative of a corporation, association or other organization, whether or not in existence." Additionally, the Nevada Rules of Professional Conduct prevent any disclosure of information obtained by an attorney in the course of representing a client. Specifically, "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent." See NEV. RULES OF PROF'L CONDUCT R. 1.6.

1      Moreover, while under the Federal Rules of Civil Procedure, Rule 30(a), a party is
2  not absolutely prevented from taking the deposition of an opposing party's counsel, this
3  practice is discouraged.  FRCP 30(a). The Supreme Court of the United States has
4  indicated that deposing an opposing party's counsel causes the standards of the profession
5  to suffer and it is disruptive to the adversarial nature of the judicial system.  See Hickman v.
6  Taylor, 329 U.S. 495, 513 (1947).  Courts have also held that deposing an opposing party's
7  counsel inherently constitutes an invitation to harass the attorney and parties, and to
8  disrupt or delay the case.  West Peninsular Title Co. v. Palm Beach County, 132 F.R.D.
9  301, 302 (S.D. Fla. 1990); In re Arthur Treacher's Franchisee Litigation, 92, F.R.D. 429,
10 437 (E.D. Pa. 1981).

11     In Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), the
12 Eighth Circuit Court of Appeals set forth a three-prong standard for taking the deposition of
13 opposing counsel which has been widely adopted by courts in other circuits, including
14 courts in the Ninth Circuit. See Graff v. Hunt & Henriques, et al., 2008 WL 2854517, at *1
15 (N.D. Cal. July 23, 2008); Massachusetts Mutual Life Insurance Co. v. Cerf, 177 F.R.D.
16 472, 478-9 (N.D. Cal. 1998).  In fact, the Court in Cerf stated that Shelton "is generally
17 regarded as the leading case on attorney depositions," and set forth the rule that the
18 circumstances under which a court should order the taking of opposing counsel's
19 deposition "should be limited to where the party seeking to take the deposition has shown
20 that (1) no other means exist to obtain the information than to depose opposing counsel[3];
21 (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to
22 the preparation of the case." Cerf, 177 F.R.D. at 479 (citing Shelton, 805 F.2d at 1327).

23     Applying the Shelton test, the court in Graff granted the plaintiff's motion for a
24 protective order preventing plaintiff's counsel from being deposed in the case. Graff, 2008
25 WL 2854517, at *1.  There, the court held that "[b]ecause Defendants have failed to identify

---

[3] Here the Court noted that Shelton relied upon a decision from a state court in California to establish the first prong of the test.  Specifically, in Fireman's Fund Ins. Co. v. Superior Court, 140 Cal. Rptr. 677, 679 (Cal. Ct. App. 1977), the court held that taking the deposition of an opposing party's counsel should be severely restricted, and permitted only upon showing of extremely good cause.

any relevant information which they can only obtain by deposing Plaintiff's counsel, the Shelton criteria are not met and requiring Plaintiff's trial counsel to submit to a deposition imposes an undue burden on Plaintiff." Id. at *2.

Here too, the Shelton standard for taking the deposition of Defendants' counsel is not met. First, there is another means by which Plaintiff can obtain the information he seeks without deposing Defendants' counsel; specifically, himself. In the May 10, 2010 letter to Defendants' counsel, Plaintiff's counsel claims that Plaintiff is entitled to Defendants' privileged attorney-client communications, and complains of two instances where Plaintiff alleges he was individually represented by Defendants' counsel. (See Exhibit 1). The first is an alleged pre-formation of TRP meeting in 2002 between Tratos, Feeney, Petrie and Hackett, and the second is Defendants' counsel's representation of TRP in the consolidated Barton/Maraville case. (See id.) Plaintiff was in attendance at the alleged meeting in 2002, and he was a named party in the Barton/Maraville case. As set forth in the Motion to Compel the Deposition of Hackett and affirming the absence of any conflict with Defense counsel, Defense counsel's representation in both matters was only of TRP, thereby making the attorney-client communications in those matters privileged. Nevertheless, Hackett can certainly come forth with any materials and information he has regarding his own involvement in those matters. In fact, he has repeatedly been invited to do just that but has failed to produce anything. (See Tratos Decl., Exhibit 2 to Defendants Mot. Compel, attached as Exhibit 3.) That is because he has nothing to substantiate his false claim that he was ever represented by the firm or Mr. Tratos, ever provided any confidential information, or could ever be harmed or prejudiced in this case by any alleged information he provided in the former matters. (See id.)

Second, the information sought is privileged as between Defendants' counsel and TRP. Again, as set forth in greater detail in the Motion to Compel, even taking as true for the purposes of argument Plaintiff's allegation that the 2002 meeting between Tratos, Feeney, Petrie and Hackett took place prior to the formation of TRP, the advice sought and given by Tratos related to TRP, not to any of the individuals. (See id.) Courts have held

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

that the "entity rule" - the doctrine that representation of an entity does not automatically entail representation of its members - applies retroactively to the seeking of legal advice in furtherance of the formation of a corporation. See, e.g., Jesse by Reinkecke v. Danforth, 169 Wis.2d 229, 241 (Wis. 1992).  For example, in Danforth, the court held that where a person retains a firm for the purpose of organizing an entity, the firm's involvement is directly related to that purpose, and when that entity is ultimately incorporated, the entity rule retroactively applies.  Id.  In the instant case, the representation was solely of the corporate entity TRP; therefore, the communications are protected under the attorney-client privilege.  Even if Hackett was a member of TRP at the time, he is not anymore; thus, TRP's privilege is currently held by the remaining members, Feeney and Petrie.  While Hackett is free to bring forth information or knowledge he has regarding any meeting that he attended, he may not seek to force Defendants' counsel to waive TRP's privilege by submitting to a deposition on unrelated matters.

Additionally, Defendants' counsel was representing TRP and TRP's interests in the Barton/Maraville case. (See Tratos Decl., Exhibit 2 to Mot. to Compel, attached as Exhibit 3.)  The general rule in Nevada and elsewhere is that "a lawyer representing a corporate entity represents only the entity, not its officers, directors, or shareholders, and not any related entities such as parents, subsidiaries or sister companies." Waid v. Eighth Judicial District Court, 119 P.3d 1219, 1223 (Nev. 2005); see also, Burnett v. Rowzee, 2007 WL 2767936, at *5 (C.D. Cal.) (the rule is that an attorney can represent a corporation in a dispute against a former officer from whom he received confidential information). Moreover, notwithstanding whether confidential information was actually acquired by the attorney, for disqualification to be appropriate, the attorney must have in fact previously represented the individual party who is now seeking disqualification. See Waid, 119 P.3d at 1223.  Here, Defendants' counsel never represented Hackett in his individual capacity, making the communications sought by Plaintiff between Defendants' counsel and TRP regarding that case privileged, and the privilege is held by TRP and it's current members, Feeney and Petrie.

.

1  Third, the information sought by Plaintiff is not crucial to the underlying case at hand. The entirety of Plaintiff's focus here has nothing to do with the merits of the case and everything to do with a tactical maneuver to attempt to unfairly harm and prejudice Defendants. Even if the Court were to find Plaintiff's claim that he was represented in one or both of the prior matters by Defendants' counsel was somehow reasonable, despite the absence of evidence to support that claim, Plaintiff would still have to demonstrate that such representation harms him in this matter. See Nevada Yellow Cab Corp., 123 Nev. at 50, 152 P.3d at 741. He cannot. As set forth in the Motion to Compel, the prior matters are not substantially related to the issues in the present case such that it is unlikely Plaintiff would even have disclosed any confidential information related to the instant case, and Defendants' counsel in fact did not obtain any confidential information from Hackett in those matters that is relevant to the issues in the present litigation. (See Tratos Declaration, Exhibit 2 to Motion to Compel, attached as Exhibit 3). As such, Plaintiff would not be, and is not, harmed by the present and continuing representation of Defendants by Defense counsel in this case, and Plaintiff knows it.

That is why Plaintiff has never actually moved to disqualify Defendants' counsel. Rather, for over six months, Plaintiff took no action despite the continuing active representation of Defendants by present counsel. Such representation included the filing of several motions, the disclosure by Defendants of approximately 40,000 documents and the defense of three depositions. (See Exhibit 3.) If Plaintiff were really concerned that such representation could harm him, he would have moved for disqualification at the outset, as he had no less information then than he did when days before his noticed deposition he refused to sit for it. (See id.) His refusal, like his demand for Mr. Tratos' deposition is made to delay and harass. He has not and cannot claim any actual prejudice by the continuing representation of Defendants by present counsel.

**B.    Defendants' Counsel Has Not Waived The Attorney-Client Privilege.**

Contrary to Plaintiff's claim, Mr. Tratos did not unintentionally and inadvertently waive the very privilege he was seeking to protect by providing a declaration in support of

9

the Motion to Compel. In his May 10, 2010 letter, Plaintiff alleges that Mr. Tratos waived the attorney-client privilege held by TRP by declaration that he never represented Plaintiff in his individual capacity in any prior actions, and that the prior matters were unrelated to the instant matter. (See Exhibit 1). Plaintiff's position is misguided.

The Ninth Circuit Court of Appeals has adopted the standard set forth in Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975) for determining whether a waiver of the attorney-client privilege has occurred. See Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995); see also U.S. v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999). Under the Hearn test, "an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." Home Indem. Co., 43 F.3d at 1326 (citing Hearn, 68 F.R.D. at 581). "In Hearn, an overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." Id.

Here, Defendant's "affirmative act" of filing a Motion to Compel, supported by a declaration saying neither Mr. Tratos nor the firm represented Hackett nor advised him on any matters related to the present case, does not constitute an assertion of the prior, unrelated, privileged communications between TRP and its counsel, nor does it put such communications at issue. What is at issue are the communications had with Hackett on Hackett's individual behalf, and as set forth in Mr. Tratos' declaration, supported by the privilege log, there were no confidential communications with Hackett on Hackett's individual behalf nor were there any communications with Hackett that were substantially related to the claims of the present case. Mr. Tratos and the firm represented TRP only in those prior matters, and then only on claims unrelated to the present conflict. (See Tratos Decl., Exhibit 2 to Mot. Compel, attached as Exhibit 3.)

Even if the Motion to Compel or Mr. Tratos' declaration in support of it had affirmatively put the prior, privileged communications between TRP and its counsel into

.

10

issue, thereby satisfying the first and second prongs of the Hearn test, the third prong would not be satisfied because the privileged information is not sufficiently vital to Plaintiff's claims. If Plaintiff was present for the alleged confidential communications, as he claims, or if Plaintiff had in fact engaged Defense counsel, as he claims, he would have the information he seeks and could produce it. He does not and he has not.

Moreover, as an aid to Plaintiff, Defendants have (1) even provided Plaintiff with a privilege log describing the nature of the confidential and privileged documents/communications in sufficient detail to show the absence of any confidential communications with Hackett on any matter substantially related to the present action (Attached hereto as Exhibit 4), and (2) made all of the confidential materials at issue available to this Court for an in-camera review and inspection to verify the truthfulness of Mr. Tratos' Declaration. (See Tratos Decl., Exhibit 2 to Mot. Compel, attached as Exhibit 3).

As such, Plaintiff cannot meet the requirements of Hern test. The declaration of Mr. Tratos does not put prior, unrelated privileged communications between the firm and TRP at issue, and Plaintiff is not harmed by having to rely on his own knowledge, now aided with a privilege log, of communications he must necessarily claim he himself made. Plaintiff should be enjoined from taking the deposition of Defendants' counsel, Mark Tratos, because the information Plaintiff seeks is privileged, has not been waived, and is not vital to Plaintiff.

**C.     Defendants Are Entitled to Their Attorneys' Fees and Costs.**

Pursuant to Rule 26(c)(3) of the Federal Rules of Civil Procedure, FRCP 37(a)(5) applies to the award of expenses regarding a protective order. FRCP 37(a)(5) states:

> If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.

.

11

1  Fed. R. Civ. P. 37(a)(5).

2      In the instant case, Defendants have demonstrated that Plaintiff has no lawful basis for attempting to take the deposition of Defendants' counsel, Mark Tratos. Defendants tried to resolve the instant dispute without intervention from this Court, but Plaintiff rejected those attempts. As such, Defendants request that this Court award them their reasonable attorneys' fees and costs incurred related to filing and prosecuting this Motion.

### III. CONCLUSION

    For the reasons set forth herein, Defendants respectfully request this Honorable Court grant its motion for protective order preventing Plaintiff from taking the deposition of Defendants' counsel, Mark G. Tratos.

    DATED this 24th day of May, 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ F. Christopher Austin
Mark G. Tratos (Nevada Bar No. 1086)
F. Christopher Austin (Nevada Bar No. 6559)
Peter H. Ajemian (Nevada Bar. No. 9491)
3773 Howard Hughes Pkwy, Suite 400N.
Las Vegas, NV 89169
Counsel for Defendant

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 419,094,835v3 5-24-10 Motion for Protective Order-MGT depo.doc

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2010, I served the foregoing DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR PROTECTIVE ORDER via the Court's CM/ECF filing system to all counsel of record and parties as listed.

/s/Sara J. Haro
An employee of GREENBERG TRAURIG, LL