Mark G. Tratos (Nevada Bar No. 1086)
F. Christopher Austin (Nevada Bar No. 6559)
Peter H. Ajemian (Nevada Bar No. 9491)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDY HACKETT, an individual<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD FEENEY, an individual; ARTHUR PETRIE, an individual; TRP ENTERTAINMENT, LLC, a Nevada limited liability company, PLAYLV GAMING OPERATION, LLC d/b/a PLAZA HOTEL AND CASINO, a Nevada limited liability corporation; BROADWAY BOOKING OFFICE NYC, LTD, a New York corporation,<br><br>        Defendants.<br><br>RICHARD FEENEY, an individual; ARTHUR PETRIE, an individual; TRP ENTERTAINMENT, LLC, a Nevada limited liability company, PLAYLV GAMING OPERATION, LLC d/b/a PLAZA HOTEL AND CASINO, a Nevada limited liability corporation; BROADWAY BOOKING OFFICE NYC, LTD, a New York corporation,<br><br>        Counterclaimants,<br><br>vs.<br><br>SANDY HACKETT, an individual<br><br>        Counter-Defendant. | Case No. 2:09-cv-02075-RLH-LRL<br><br>**DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR PROTECTIVE ORDER REGARDING NON-PARTY WITNESS SOUND TRACS, INC.** |

Defendants/Counterclaimants Richard Feeney ("Feeney"), Arthur Petrie ("Petrie"), TRP Entertainment, LLP ("TRP"), PlayLV Gaming Operation, LLC d/b/a Plaza Hotel and Casino ("PlayLV"), and Broadway Booking Office NYC, Ltd. ("BBO") (hereinafter collectively, "Defendants"), by and through counsel, GREENBERG TRAURIG LLP, hereby move for a protective order against Plaintiff Sandy Hackett's ("Hackett" or "Plaintiff") two subpoenas served on non-party witness Sound Tracs, Inc. ("Sound Tracs"); specifically, (1) the Subpoena To Take the Deposition of Sound Tracs, Inc. (per its PMK(s)), and (2) the Subpoena For Production of Documents To Custodian of Records of Sound Tracs, Inc. Both subpoenas were served on April 20th, 2010, with document production scheduled for May 3, 2010, and the PMK deposition set for May 12, 2010.

This Motion For Protective Order Regarding Non-Party Witness Sound Tracs, Inc. ("Motion") is made in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 26-7, and is supported by the following Memorandum of Points and Authorities together with the exhibits thereto, the papers and pleadings on file in this action, and any oral argument that this Court may allow.

DATED this 22nd day of June, 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /Peter H. Ajemian/

MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
F. CHRISTOPHER AUSTIN, ESQ.
Nevada Bar No. 6559
PETER H. AJEMIAN, ESQ.
Nevada Bar No. 9491
GREENBERG TRAURIG, LLP
3773 Howard Hughes Pkwy., Ste 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendant*

.

2

## LOCAL RULE 26-7 CERTIFICATION

Counsel for Defendants has conferred with counsel for Plaintiff in good faith in an attempt to resolve the discovery disputes raised in this Motion without the need for Court intervention and, after letter correspondence, personal consultation and a sincere effort to do so, counsel have been unable to resolve the matter without court action.

DATED this 22nd day of June, 2010.

> Respectfully submitted,
>
> GREENBERG TRAURIG, LLP
>
> By: /Peter H. Ajemian/
>
> MARK G. TRATOS, ESQ.
> Nevada Bar No. 1086
> F. CHRISTOPHER AUSTIN, ESQ.
> Nevada Bar No. 6559
> PETER H. AJEMIAN, ESQ.
> Nevada Bar No. 9491
> GREENBERG TRAURIG, LLP
> 3773 Howard Hughes Pkwy., Ste 400 North
> Las Vegas, Nevada 89169
> Telephone: (702) 792-3773
> Facsimile: (702) 792-9002
> *Counsel for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION AND BACKGROUND FACTS**

From the inception of this case, Plaintiff Hackett has been uncooperative in the discovery process. To put it simply, throughout discovery in this case Plaintiff has received thousands of pages of documents and taken key depositions of Defendants, but has refused to be deposed himself or meaningfully engage in discovery. Now, Plaintiff is seeking to compel additional discovery from Sound Tracs, a company that is owned and

.

LV 419,122,085v1 6-22-10 Motion for Protective Order-Sound Tracs

controlled by Feeney, one of the principal Defendants in this case. While Sound Tracs is technically a non-party to the instant matter, the fact that it is owned and controlled by Feeney essentially gives Plaintiff another avenue to inundate Defendants with additional discovery requests.

At the heart of the instant Motion is Plaintiff's unwillingness to cooperate in the discovery process. In fact, Plaintiff has flatly refused to be deposed by Defendants' counsel, effectively shutting down discovery. (See Defendants' Motion to Amend Discovery Plan and Scheduling Order, p. 3 ("Motion to Amend" [Docket # 58].)) At the time the Sound Tracs document production and deposition dates were set, Plaintiff had yet to produce a single responsive document to Defendants' numerous production requests served on Plaintiff. Even now, Plaintiff has only produced a small fraction of documents requested by Defendants, compared to Defendants having produced over forty thousand (40,000) responsive documents to date. As such, discovery in this case has been one-sided, and Plaintiff's continual demands for additional discovery from Defendants and non-party witnesses owned and controlled by Defendants, without reciprocating in the least is simply unacceptable.

Plaintiff's refusal to be deposed and to fully engage in discovery stems from Plaintiff's belief that Defense counsel is conflicted out of representing Defendants. After continually threatening disqualification from the inception of this case, Plaintiff finally brought his Motion to Disqualify Greenberg Traurig, LLP, and Mark Tratos on May 25, 2010 ("Motion to Disqualify" [Docket # 54].) This Motion to Disqualify and Defendants' Opposition to Plaintiff's Motion to Disqualify Greenberg Traurig, LLP, and Mark Tratos ("Opposition to Motion to Disqualify" [Docket # 67]) are currently pending before this Court; however, as explained in more detail below, it is the disqualification issue that is key to Defendants' instant Motion.

The facts regarding discovery and otherwise in this matter have been thoroughly set forth in Defendants' Motion to Amend and Defendants' Motion to Compel the Deposition of

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

.

Plaintiff Sandy Hackett ("Motion to Compel" [Docket # 50].)  Additionally, Plaintiff's Motion to Disqualify and Defendants' Opposition to Motion to Disqualify have exposed Plaintiff's conduct in this matter.  Defendants' will not waste the Court's time by reciting every detail of those pending motions.  However, Plaintiff cannot be allowed to continue to receive discovery from Defendants and not produce anything in return.  Plaintiff should have been participating in discovery all along; nevertheless, if Plaintiff is waiting for the Court's ruling on the pending Motion to Disqualify before producing the requested documents and appearing for his deposition, then Defendants argue that fairness dictates all discovery should be stayed pending that ruling.  This includes the discovery propounded on non-party witness Sound Tracs, and as such, the Court should grant Defendants' instant Motion.

## II. **PROCEDURAL HISTORY**

This essence of this case is a dispute over the copyright in a live musical stage show called "The Rat Pack Is Back" (the "Show"), between the current and former members of the production company for the Show, TRP Entertainment, LLC ("TRP").  Plaintiff has also alleged various other claims against TRP and its principals, and has subsequently engaged in an aggressive third-party discovery campaign, including multiple subpoenas served on non-party witnesses.

On April 20th, 2010, Plaintiff served non-party witness Sound Tracs with two subpoenas.  The subpoenas scheduled document production for May 3, 2010, and set the PMK deposition for May 12, 2010.  (See Notices attached hereto as Exhibit A; see also, Plaintiff's Motion For Issuance Of Order To Show Cause Re Contempt Directed To Non-Party Witness Sound Tracs, Inc. Over Failure To Comply with Two Subpoenas ("Motion for Contempt" [Docket # 56].))  However, for reasons discussed in more detail below, Sound Tracs did not comply with the subpoenas.  Plaintiff responded to this non-compliance by filing its Motion for Contempt on June 3, 2010, to which Defendants filed an Opposition on June 21, 2010 ("Opposition to Motion for Contempt" [Docket # 68].) - both are currently pending before this Court.

Now, Defendants are seeking a stay on Sound Tracs' discovery production until after this Court decides the pending Motion to Disqualify. As Plaintiff and Defendants have agreed to stay all other non-party discovery in this matter based on this condition,[1] Defendants are currently requesting that Sound Tracs be given the same courtesy.

## III. DISCUSSION

Under FED. R. CIV. P. 26(c), a court may grant a protective order "for good cause…to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding disclosure or discovery;…(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Here, Defendants are merely requesting that the Court grant a protective order to stay the discovery propounded on Sound Tracs until after this Court has decided the pending Motion to Disqualify. Once this Court decides the Motion to Disqualify, Sound Tracs will produce the requested relevant discovery in this matter.

Sound Tracs, owned and controlled by Defendant Feeney, is a non-party witness to this case that was served with two subpoenas by Plaintiff on April 20, 2010 (See Notices attached hereto as Exhibit A; see also, Motion for Contempt, Exhibit 1.) At the time Sound Tracs was served, it was not represented by Defendants' counsel; however, due to the fact that Feeney is the principal of Sound Tracs and also a principal Defendant in this case, Defendants' counsel agreed to accept service on behalf of the company as a courtesy to Plaintiff. (See id.) Notwithstanding acceptance of service, Defendants' counsel did not take on the representation of Sound Tracs at that time.

The reasoning behind this is quite simple - if Defendants' counsel was to be subjected to a motion to disqualify, then it did not make economic sense for principal Defendant Feeney to pay for the additional representation of Sound Tracs while the disqualification issue remained unresolved. In other words, the fact that Plaintiff had continually threatened to bring a disqualification motion against Defendants' counsel (and

---

[1] See Opposition to Motion for Contempt, Exhibit A.

.

6

LV 419,122,085v1 6-22-10 Motion for Protective Order-Sound Tracs

1  finally made good on that threat by filing the Motion to Disqualify on May 25, 2010), put
2  Defendant Feeney in an awkward and unfairly disadvantaged position.  (See Motion to
3  Compel; see also, Motion to Disqualify; Opposition to Motion to Disqualify.)  In essence, if
4  Feeney retained Defense counsel on behalf of Sound Tracs, any work product created in
5  that representation could possibly be rendered useless due to the hovering disqualification
6  issue.  If Plaintiff is successful in his campaign to remove Defendants' counsel, any of the
7  matters handled by Defendants' counsel may be "tainted" by the very issues that cause any
8  such disqualification.  This obviously would go to any representation of Sound Tracs.

9       On the other hand, Feeney should not be forced to retain separate counsel for the
10 issue of the Sound Tracs subpoenas alone.  Again, this would be an inefficient and
11 wasteful use of Feeney's resources - having to bring new counsel up to speed on the
12 issues in the case (which had been ongoing extensively for months by the time the Sound
13 Tracs subpoenas were noticed) specifically for the purpose of representing Feeney's non-
14 party company Sound Tracs in discovery matters will cause undue economic harm.
15 Additionally, Feeney should be allowed to use Defendants' counsel, his long time counsel,
16 to fully represent his interests in this matter.  This is not an issue of trying to prevent
17 discovery on Sound Tracs - Feeney is completely willing to respond to the discovery
18 propounded on Sound Tracs.  However, such discovery should be completed after this
19 Court decides the Motion to Disqualify.  As such, Feeney should not be penalized for
20 making a business decision to save costs by acting to keep all aspects of the case in the
21 hands of his current counsel; thus, this Court should grant Defendants' instant Motion.

22      The equitable course of action here is to stay all discovery relating to Sound Tracs,
23 and all other non-party witnesses, pending the Court's decision on the Motion to Disqualify.
24 Once the Motion to Disqualify has been decided, Feeney will know whether Defendants'
25 counsel will continue to represent him in this case.  At that point, Defendants' counsel will
26 be able to adequately represent Feeney's interests in Sound Tracs concurrently with those
27 of the collective Defendants.  In fact, the intention of the parties regarding third party
28

.

7

*LV 419,122,085v1 6-22-10 Motion for Protective Order-Sound Tracs*

discovery reflects this sentiment exactly. Through recent negotiations in light of the pending Motion to Disqualify, the parties have agreed that continuing to force Defendants' counsel to represent Defendants' interests in non-party discovery matters is counterproductive. As such, the parties have come to an agreement regarding all other third party witnesses. (See Opposition to Motion for Contempt, Exhibit A.) This agreement recognizes the inefficiency involved in Defense counsel's continued engagement in non-party discovery during the pendency of the Motion to Disqualify; therefore, the agreement effectively stays all third party discovery until the Motion to Disqualify is decided. (See id.)

Unfortunately, and perhaps tellingly, Plaintiff would not allow Sound Tracs to be included in this agreement. (See id.) While it does not make economic sense for Feeney to be forced to hire additional counsel to defend non-party Sound Tracs in discovery, Plaintiff is bent on financially injuring Feeney by making Sound Tracs pay. The Court should grant Defendants' Motion.

## IV. CONCLUSION

For each and every reason identified above, Defendants respectfully request that the instant Motion be granted.

DATED this 22nd day of June, 2010.

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/Peter H. Ajemian/*
Mark G. Tratos (Nevada Bar No. 1086)
F. Christopher Austin (Nevada Bar No. 6559)
Peter H. Ajemian (Nevada Bar. No. 9491)
3773 Howard Hughes Pkwy, Suite 400N.
Las Vegas, NV 89169
Counsel for Defendant

LV 419,122,085v1 6-22-10 Motion for Protective Order-Sound Tracs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22nd, 2010, I served the foregoing **DEFENDANTS/COUNTERCLAIMANTS' MOTION FOR PROTECTIVE ORDER REGARDING NON-PARTY WITNESS SOUND TRACS, INC.** via the Court's CM/ECF filing system to all counsel of record and parties as listed.

*/Peter H. Ajemian/*
An employee of GREENBERG TRAURIG, LLC

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)